UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WANDA HARNEY, | : |
|     Plaintiff/Counter Defendant, | : |
| | : |
| v. | :   C.A. No. 17-459JJM |
| | : |
| HOMESITE INSURANCE COMPANY, | : |
|     Defendant/Counter Claimant. | : |

**MEMORANDUM AND ORDER
DENYING MOTION TO APPOINT COUNSEL**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

    On August 16, 2018, Plaintiff Wanda Harney filed a motion to appoint counsel, ECF No. 21, alleging that she has been *pro se* since February 2018, that this case exceeds her legal expertise and that she has already exhausted her savings and cannot afford to hire new counsel.[1] The motion has been referred to me for determination. Based on my review of the motion, I find that it should be denied without prejudice; my reasons follow.

    There is no constitutional right to free counsel in a civil case. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991); see Maroni v. Pemi-Baker Reg'l Sch. Dist., 346 F.3d 247, 257 (1st Cir. 2003); King v. Greenblatt, 149 F.3d 9, 14 (1st Cir. 1998); Barkmeyer v. Wall, C.A. No. 09-430S, 2009 WL 3046326, at *1 (D.R.I. Sept. 22, 2009). Further, there is no funding mechanism for appointed counsel in civil cases. Therefore, the matter is subject to the district court's broad discretion, to be exercised in light of the difficulties in rationing the precious resource of volunteer lawyer services. Sai v. Transp. Sec. Admin., 843 F.3d 33, 35 (1st Cir. 2016). "To

---

[1] Plaintiff's motion also alleges that she "has expressed the need for a protective order against the female charge[d] with the arson of the home in the case. Without counsel, this has been difficult to achieve and safety is a concern." ECF No. 21 at 1. If Plaintiff believes her safety is at risk, she should pursue the issuance of a restraining order in state court. See Domestic Violence Victim Information, https://www.courts.ri.gov/PublicResources/domesticviolenceunit/PDF/VictimInfoEnglish.pdf.

qualify for this scarce resource, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights." Choksi v. Trivedi, 248 F. Supp. 3d 324, 328 (D. Mass. 2017) (citing DesRosiers, 949 F.2d at 23); see Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986) ("an indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel"). Here, although Plaintiff suggests in her motion to appoint counsel that she has exhausted her savings and cannot afford to hire an attorney, she has not filed a motion to proceed *in forma pauperis* or otherwise provided a sworn statement reflecting her financial circumstances; thus, I cannot make the threshold finding that Plaintiff is indigent so as to be qualified for appointed counsel.

Also pivotal to the determination whether *pro bono* counsel should be appointed is the merits of the claim. See Choksi, 248 F. Supp. 3d at 328. To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, "a court must examine the total situation, focusing, *inter alia*, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." DesRosiers, 949 F.2d at 24. Just because a plaintiff alleges sufficient facts to state a claim in the complaint does not in and of itself require the appointment of counsel. Cookish, 787 F.2d at 2-3; Childs v. Duckworth, 705 F.2d 915, 922 (7th Cir. 1983). Further, in making such appointments, the Court must be mindful that volunteer lawyers' time and resources are precious commodities available only in limited quantity, and that these resources should not be allocated for the pursuit of claims of arguable merit. See Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989) ("courts should not grant such applications indiscriminately"); Carmichael, 2010 WL 3925198, at *2 (emphasizing importance of screening cases before asking volunteer attorney to consider engagement).

At least at this early stage, I do not find that Plaintiff has demonstrated exceptional circumstances, based either on the merits of her claim or on her inability to represent herself, sufficient to warrant the appointment of counsel. And there is a further issue of concern. Plaintiff had counsel at the initiation of this claim arising from the total loss of her property due to a fire. Her complaint was crafted by attorneys, who initiated this action against her homeowner's insurance company after it denied insurance coverage. However, her attorneys were permitted to withdraw from the case on April 9, 2018, partly due to Plaintiff's failure "to be truthful and forthcoming . . . concerning issues relating to the within action . . . ." ECF No. 11. Defendant's objection to the motion to appoint counsel alleges that Plaintiff's previous attorneys withdrew after "it was revealed during discovery that the fire was intentionally set by the Plaintiff's son," ECF No. 22, which is also the basis for the denial of coverage under Plaintiff's homeowner's insurance policy. In light of the ethical issues posed by such circumstances, I find that there are serious concerns about the appropriateness of asking an attorney from the Court's *pro bono* panel to accept such an engagement.

Without a finding of indigence and that extraordinary circumstances exist to justify an appointment from the Court's *pro bono* panel, Plaintiff's motion to appoint counsel (ECF No. 21) is denied without prejudice.

So ordered.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
September 24, 2018