UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WANDA HARNEY,
    Plaintiff,

v.

HOMESITE INSURANCE
COMPANY,
    Defendant.

C.A. No. 17-459-JJM-PAS

## ORDER

Homesite Insurance Company issued an insurance policy to Wanda Harney for a home at 150 Church Street in Bradford, Rhode Island ("Bradford Property"). A fire damaged the house and, after investigating the claim, Homesite denied coverage. Ms. Harney brought this lawsuit to force Homesite to provide coverage for her losses that resulted from the fire. Homesite moved for summary judgment (ECF No. 34), arguing that Ms. Harney did not reside at the Bradford Property and so it was not an "insured location" under the policy terms.[1] Ms. Harney objects, asserting that she was a resident of the property and that her son was not. Applying the clear policy terms to the undisputed facts, the Court finds that there is no coverage for the loss and Homesite's motion is GRANTED.

---

[1] In the alternative, Homesite asks the Court to find that Ms. Harney's son, Clem Ramsey, was an insured under the policy and that because he pleaded nolo contendre to first degree arson at the Bradford Property, the exclusion for intentional acts applies. *See* ECF No. 34-5. Because the Court finds for Homesite based on Ms. Harney's residency, it declines to reach this argument.

Summary judgment is called for when the pleadings and discovery materials show "that there is no genuine dispute as to any material fact," so that "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is proper, the court views the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in his favor. *Continental Cas. Co. v. Canadian Univ. Ins. Co.*, 924 F.2d 370, 373 (1st. Cir. 1991).

In this case, the homeowner's insurance policy makes clear that the insurance covers property where the insured lives. It defines the "Insured location" as the "residence premises" and the "residence premises" as "[t]hat part of any other building; where you reside and which is shown as the 'residence premises' in the Declaration." Therefore, for the Bradford Property to be a "residence premises" and so an insured location, Ms. Harney had to reside there.[2] In order to determine residency, the Court must look at the time spent at the location, the nature of the living arrangements and types of activities undertaken there, and the person's intention relative to living at the property. *Aetna Life & Cas. Co. v. Carrera*, 577 A.2d 980, 984 (R.I. 1990).

The undisputed evidence shows that Ms. Harvey's primary residence was 31 Mosena Drive, Charlestown, Rhode Island ("Charlestown Property"), not the Bradford Property. Ms. Harney testified that she was living at the Charlestown Property at the time of the fire and during the policy's effective dates. ECF No. 35 at

---

[2] In the Renewal Declaration, Ms. Harney represented that the Bradford Property was her "primary residence." ECF No. 39-1.

2

¶ 10. Her driver's license and medical records listed her residence at the Charlestown Property. *Id.* at ¶¶ 12-13. She told others that she resided at the Charlestown Property and she had her packages delivered to the Charlestown Property. *Id.* at ¶¶ 11, 13. Moreover, the fire marshall reported his observation that the Bradford Property was uninhabited when the fire occurred. ECF No. 39-5 at 3, ¶ 13.

Ms. Harney has offered no competent evidence that the Bradford Property was her primary residence or that she resided at the property with the intent to remain there for more than a transitory amount of time. She offers no evidence of the type of activities she undertook there, or her intentions vis-à-vis that property. Because the Court finds that Ms. Harney did not reside at the Bradford Property, it was not an insured location under the policy and therefore Homesite properly denied coverage for the fire loss. The Court GRANTS Defendant Homesite Insurance Company's Motion for Summary Judgment. ECF No. 34.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

July 8, 2019

3